| | |
|---|---|
| Charles Capetanakis, Esq. | James Bopp, Jr., Esq.* |
| DAVIDOFF HUTCHER & CITRON LLP | Anita Y. Milanovich, Esq.* |
| 605 Third Avenue, 34th Floor | Jeffrey P. Gallant, Esq.* |
| New York, NY 10158 | THE BOPP LAW FIRM |
| Phone: (212) 557-7200 | One National Building |
| Fax: (212) 286-1884 | 1 South 6th Street |
| *Local Counsel for Plaintiffs* | Terre Haute, IN 47807 |
| | Phone: (812) 232-2434 |
| | Fax: (812) 235-3685 |
| | *Lead Counsel for Plaintiffs* |
| | * Admitted pro hac vice. |

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

**OGNIBENE,** *et al.*,

                *Plaintiffs*,

     -against-               C.A. No. 08 CV 01335 (LTS) (FM)

**PARKES,** *et al.*,

                *Defendants.*

**PLAINTIFFS' MEMORANDUM SUPPORTING MOTION FOR RECONSIDERATION**

Pursuant to Local Civil Rule 6.3, Plaintiffs move this Court to reconsider its Order resulting in the judgment entered July 24, 2014 (Doc. # 209). The resulting judgment includes an award compensating Plaintiffs for 449.3 hours, worth $130,621.30, for the work performed on their behalf by The Bopp Law Firm ("BLF"). Plaintiffs respectfully submit that the Court reduced time further than it found justified by Plaintiffs' "[lack of ] success[ ] in pressing the bulk of their claims." Order at 6. This is because the Court applied its reductions to time already reduced for partial success; reductions were taken for the same reason—partial success—twice.

As the Court pointed out, *id.*, and according to uncontroverted evidence, between July 2007 and October 25, 2013 when the Motion for Attorneys' Fees and Expenses was filed. BLF attorneys expended 1757 "raw" billable hours on this case.[1] *See* Declaration of James Bopp, Jr. (Oct. 25, 2013) (Doc.#191) ¶ 19; *id.*, Exhibit C ("Billing Statement") (Doc. #191-3) at pp. 173-74. From this, BLF deducted approximately 194 hours as having been, in the billing judgment of experienced counsel, excessive, redundant, or otherwise unnecessary. *See* Bopp Decl. ¶ 19, Billing Statement at p. 173 (194 of the 1181.6 hours "no-charged" include the explanation "billing judgment"). Thus, the "gross" time spent on the case—still yet subject to reduction for limited success[2]—was 1563 hours. After aggressive and careful analysis of the time record and nearly every pleading, memoranda, and other filing for the entire case, BLF eliminated

---

[1]And as the Second Declaration of James Bopp, Jr. and Exhibit E thereto (Doc. ##205, 205-1, respectively) attest, BLF spent an additional 30.4 hours on seeking attorney's fees for their efforts in securing the relief on the merits of Plaintiffs' civil rights claims.

[2] *See Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 439-40 (S.D.N.Y. 2010) (and cases cited therein) (noting that courts in this Circuit "continue[ ] the traditional practice of calculating a 'reasonable fee' first, and then considering whether limited success mandates a percentage reduction.")

approximately 988 hours of time spent on the case but attributable to unsuccessful claims. *See* Mem. Supp. Mot. Attys.' Fees at 11-15 (explaining method and process of identifying and deducting time and expenses for partial success); Bopp Decl. ¶¶ 20- 22 (briefly explaining method and noting deduction of 988 hours attributable to work on losing claims); Order at 6 (noting 544.45 hours remaining after "exclud[ing] unnecessary hours ... as well as time spent in pursuit of unsuccessful claims").

**Total BLF time on the case**

| All billable hours contemporaneously recorded = "**Raw**" | (- hours deducted in "billing judgment) = "**Gross**" | (- hours deducted for partial success) = "**Net**" |
|---|---|---|
| 1757 | (-194) **1563** | (-988) **575.7** |

As is suggested by the Order's denoting the total time sought by Plaintiffs as a figure very close to the "net" time—that is, the time actually spent minus that deducted in billing judgment and minus that which Plaintiffs have identified as being attributable to unsuccessful claims—it appears that in calculating a reasonable fee to which BLF is entitled for the case, the Order uses the "net" time as the starting point and applies deductions for partial success, effectively applying a factor for reduction twice. Plaintiffs submit that this is an oversight by the Court that "might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). Further and specifically, Plaintiffs point out as follows:

**Drafting and Filing of Complaint**

The Order finds from the Billing Statement that BLF expended 174.8 hours on drafting

and filing the complaints.³ Order at 6. The *net* time in the Billing Statement from the outset of the case through February 18, 2008 (just before the filing of the amended complaint) is 176.4 hours. *See* Billing Statement at pp. 1-44, Exhibit 1 hereto.⁴ That is, it is only *after deducting considerable time in adjusting for the ultimate success on the claims* that the Billing Statement reports 176.4 hours on "tasks related to complaint drafting and filing." In fact, BLF expended 412.9 hours on the "complaint drafting and filing" phase of the litigation; counsel deducted approximately 33.6 hours, worth $14,402.80 as excessive, redundant or otherwise unnecessary (i.e., in billing judgment) and deducted 202.9 hours, worth $58,403.70 as directly or indirectly attributable to the claims on which Plaintiffs did not ultimately succeed. *See* Exhibit 1 p. 45 (236.5 hours total "no-charged"); *id.* 1 *et seq* (recording "no-charge" hours with a corresponding explanation of either "billing judgment" or "partial success").⁵

---

³Plaintiffs filed an amended complaint 16 days after the original. Given the number of hours at issue and the time periods necessary to accumulate those hours, it is assumed that the Order included at least some of the time spent on the amended complaint.

⁴All figures used herein appear in the Billing Statement, filed as Exhibit C to the Declaration of James Bopp, Jr. (Doc. #191-3). For the Court's convenience, excerpts of the Billing covering the periods discussed herein are attached as Exhibits 1-3.

⁵"No-charge" time for which no explanation is given was designated as no-charge by the attorney recording the time in his or her own billing judgment. The undersigned counsel searched this (and each of the Billing Statement excerpts, *infra*), and isolated the number and value of hours "no-charged" for partial success.

**Time Spent on Tasks Related to the Complaint and Filing the Case**

| Billable hours contemporaneously recorded for complaint & filing = "**Raw time**" | (- hours deducted in "billing judgment) = "**Gross time**" | (- hours deducted for partial success) = "**Net time**" |
|---|---|---|
| **412.9** | (-33.6) **379.3** | (-202.9) **176.4** |

  The Court rejected the Defendants' call to limit compensation to that necessary for a complaint limited to "two meritorious claims," Order at 6, and instead found that because "there is no contention that the claims were frivolous or entirely unrelated to the subject matter of the action," that Plaintiffs should be "awarded fees for *all of the hours requested for the pleading phase of the litigation ....*" *Id.* (emphasis added). In short, the Order contemplates awarding compensation for drafting and filing a complaint raising more than two claims—and suggests that time spent in this phase reasonably necessary to raise all of the claims should be compensated. But by awarding compensation for the *net* number of hours—which results from reductions of time actually spent raising those claims, the Order actually awards for this phase very near a number of hours that its reasoning rejects. Plaintiffs ask that the Court reconsider the calculation of fees for the complaint drafting and filing phase of the lawsuit as it appears that it overlooked that the number it used to calculate an award for this phase had in fact been reduced for reasons that the Court did not find justified.

  The question of using the "net" time as a starting point becomes more pointed when the Order applies a reduction for time spent furthering unsuccessful claims. A court may effect a reduction for partial success by "'identify[ing] specific hours that should be eliminated' ([Plaintiff]s' suggestion), 'or it may simply reduce the award to account for the limited success'

| **Pls.' Memo Supporting** | | *Ognibene v. Parkes* |
|---|---|---|
| **Motion for Reconsideration** | 5 | No. 08 CV 01335 (LTS) (FM ) |

([the Order's approach])." *Betancourt v. Giuliani*, 325 F. Supp. 2d 330, 333-34 (S.D.N.Y. 2004) (citation omitted). But the reduction should be applied *once*, see *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-68 (2d Cir. 2011) (warning against "double-counting" factors for reduction by applying them both to arrive at the lodestar and to adjust the lodestar), and using the wrong starting figure may, in effect, amount to applying a reduction to time already reduced for the same reason. *Id.* at 167 ("a court may not adjust the lodestar based on factors already included in the lodestar calculation itself because doing so effectively double-counts those factors.") It appears that the Order here effectively adjusts twice for the same reason of Plaintiffs' limited success.

**Discovery and Scheduling Phase**

Beginning with 159.2 hours, the Order "reduces the the hours expended in the discovery and scheduling phase by 90%, awarding Plaintiffs $4,593 for this phase." Order at 7. It is not clear from where in the Billing Statement the 159.2 hours (and $45,930) arise. Pages 62-85, specifically cited in the Order, encompass the period between 5/9/2008 and 8/5/2008, and yield 141.6 "net" hours, worth $40,697.50, 196.4 "gross" hours, worth $57,190, and 210.8 "raw" hours, worth $60,880.50. *See* Exhibit 2 at p. 25; *id.* et seq. (recording hours deducted for "partial success" and "billing judgment").[6]

---

[6]*See supra*, n.5.

**Time Spent on Discovery and Scheduling I**

| All billable hours contemporaneously recorded pp. 62-85 = "**Raw time**" | (- hours deducted in "billing judgment) = "**Gross time**" | (- hours deducted for partial success) = "**Net time**" |
|---|---|---|
| 210.8 | (-14.4) **196.4** | (-54.8) **141.6** |

There are 54.8 hours, worth $16,492.50 that were already excluded by Plaintiffs for partial success from the number of hours to which the Order applies a 90% reduction—for limited success. If the 90% reduction for limited success were applied to all the "gross" time, as would be proper, there is an additional $1649.25 due Plaintiffs. In addition, if, as is suggested by the number of hours the Order allows that BLF spent (159.2 hours) and the description of specific work done in this phase (rather than considering only those pages of the Billing Statement cited in the discussion of the "discovery and scheduling" phase) the "data overlooked," *Shrader*, 70 F.3d at 257, is even greater.

Work on discovery, scheduling, and declarations "submitted" in connection with the preliminary injunction hearing," Order at 7, began at least as early as mid-March of 2008. Using 3/13/2008 as a starting point (a date that records the first early work on discovery) and 8/5/2008 as an ending point (the date falling on the page of the Billing Statement cited in the Order), the Billing Statement reveals 161.7 "net" hours, worth $46,892.50,[7] 283.7 "gross" hours, worth $84,828.50, and 312 "raw" hours, worth $90,361.50. *See* Exhibit 2 at p. 38; *id.* et seq. (recording hours deducted for "partial success" and "billing judgment").[8]

---

[7]These figures are much nearer to the 159.2 hours worth $45,930 specified as expended by BLF for this phase in the Order.

[8]*See supra*, n.5.

**Time Spent on Discovery and Scheduling II**

| All billable hours contemporaneously recorded 3/13/2008-8/5/2008= "**Raw time**" | (- hours deducted in "billing judgment) = "**Gross time**" | (- hours deducted for partial success) = "**Net time**" |
|---|---|---|
| **312** | (-29) **283.7** | (-122) **161.7** |

If this is the period the Order presents as "related to discovery and scheduling .... [that] revolved around preparing and drafting the declarations of the Plaintiffs," Order at 7, there were an additional 122 hours, worth $37,936, that were already excluded by Plaintiffs for partial success from the number of hours to which the Order again applies a 90% reduction for limited success. Correcting this would mean that there is an additional $3793.60 due Plaintiffs.

**Applications to Stay, the Stipulated Entry of Judgment, and Summary Judgment on the Rescue Funds Provisions**

The Order awards fees for 35.2 hours for applications to stay the proceedings,[9] and applies a 40% reduction to 119.9 hours it counts as expended "in connection with cross-motion practice for summary judgment on the four counts related to the Rescue Fund provisions." Order at 7. It is noteworthy that "35.2 hours, totaling $9,114," *id.*, yields an hourly rate of $259. Of the BLF counsel who had billable time on this case, only one, Clayton Callen ("CC") billed at a rate less than $265, and he billed no time with reference to stays. Likewise, while Katie Flanagan ("KF") a clerk, billed at $85 per hour, but she did not bill any time with reference to the stays.

---

[9]It is noteworthy that "35.2 hours, totaling $9,114," Order at 7, for time expended on stays yields an hourly rate of $259. Of the BLF counsel who had billable time on this case, only one, Clayton Callen ("CC") billed at a rate less than $265, and he billed no time with reference to stays. Katie Flanagan ("KF") a clerk, billed at $85 per hour, but she did not bill any time with reference to the stays.

Plaintiffs therefore request that the Court reconsider its calculations for BLF's work on the stays.

Finally, Counsel locates at least 2.3 hours of time, worth $1207.50, expended in pursuit of summary judgment on the rescue funds claims, that was excluded by Plaintiffs for partial success from the number of hours to which the Order again applies a 40% reduction for limited success. *See* Billing Statement at 133, 157. Correcting this would mean that there is an additional $724.50 due Plaintiffs.

**Conclusion**

Pursuant to Local Civil Rule 6.3, Plaintiffs move this Court to reconsider its Order resulting in the judgment entered July 24, 2014 (Doc. # 209) as noted above, enter a new judgment accordingly, and award Plaintiffs their reasonable attorneys' fees and expenses for the work filing and supporting this Motion.

August 7, 2014

Respectfully Submitted,

/s/ Jeffrey P. Gallant

| | |
|---|---|
| Charles Capetanakis, Esq. | James Bopp, Jr., Esq.* |
| DAVIDOFF HUTCHER & CITRON LLP | Anita Y. Milanovich, Esq.* |
| 605 Third Avenue, 34th Floor | Jeffrey P. Gallant, Esq.* |
| New York, NY 10158 | THE BOPP LAW FIRM |
| Phone: (212) 557-7200 | One National Building |
| Fax: (212) 286-1884 | 1 South Sixth Street |
| *Local Counsel for Plaintiffs* | Terre Haute, IN 47807-3510 |
| | Phone: (812) 232-2434 |
| | Fax: (812) 235-3685 |
| | email:  jboppjr@aol.com |
| | amilanovich@bopplaw.com |
| | jgallant@bopplaw.com |
| | *Lead Counsel for Plaintiffs* |
| | * Admitted pro hac vice. |

## CERTIFICATE OF SERVICE

      I hereby certify that a copy of the foregoing has been served on Defendants' counsel in the way described:

SERVED BY ECF:

Jonathan Pines, Esq.
The City of New York
Law Department
100 Church Street
New York, NY 10007
jpines@law.nyc.gov
*Counsel for Defendants*

Dated: Terre Haute, Indiana
       August 7, 2014                       /s/Jeffrey P. Gallant
                                                        Jeffrey P. Gallant