Charles Capetanakis, Esq.
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Phone: (212) 557-7200
Fax: (212) 286-1884
*Local Counsel for Plaintiffs*

James Bopp, Jr., Esq.*
Anita Y. Milanovich, Esq.*
Jeffrey P. Gallant, Esq.*
THE BOPP LAW FIRM
One National Building
1 South 6th Street
Terre Haute, IN 47807
Phone: (812) 232-2434
Fax: (812) 235-3685
*Lead Counsel for Plaintiffs*
* Admitted pro hac vice.

---

# UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

---

**OGNIBENE,** *et al.,*

        *Plaintiffs,*

    -against-

**PARKES,** *et al.,*

        *Defendants.*

**C.A. No. 08 CV 01335 (LTS) (FM)**

---

## PLAINTIFFS' REPLY SUPPORTING MOTION FOR RECONSIDERATION

---

## Introduction

A motion for reconsideration under Local Civil Rule 6.3 "must point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The matter which Plaintiffs propose the Court overlooked here is that the hours the Order reduced for partial success were not those of the "presumptively reasonable fee," but had already been reduced for partial success.[1]

Plaintiffs do not, *contra* Defs.' Resp. at 1, assert that Court could not further reduce for partial success, nor do they argue for an "upward adjustment," *id.* at 7, but submit that by applying percentage reductions for limited success to hours that had already been excised of time spent on the unsuccessful claims, the Order reduced for partial success further than the Court intended or found justified.[2] The Court may well have intended to reduce further than did

---

[1]A "controlling decision[ ] . . .  that might reasonably be expected to alter the conclusion reached by the court" *id.*, is one condemning reducing fees more than once for the same reason. *See*, *e.g.*, *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166-68 (2d Cir. 2011) (warning against "double-counting" factors for reduction by applying them both to arrive at the lodestar and to adjust the lodestar). Using the "net" time—i.e., the pool of hours that has been excised of time spent on unsuccessful claims—as the starting point for a reduction for partial success inherently applies a factor for reduction twice.

[2]Determining how the Order calculated the hours is made difficult because the Order refers to phases of the litigation, generally without specific reference to the billing statement, (Doc. #191-3). While specific reference is made for the 159.2 hours for "the discovery and scheduling phase," Order at 7, the cited pages of the billing statement (pp. 62-85) neither correspond exactly with "discovery and scheduling" nor report 159.2 hours. *See* Pls.' Mem. at 6-7. Further, the Order describes these same hours as spent on declarations submitted in connection with the preliminary injunction hearing. Order at 7. That work began at least as early as mid-March of 2008, approximately two months—and 14 pages—before the period covered on page 62 of the billing statement. These ambiguities also suggest that the Order may have overlooked time the Court might have otherwise found justifiably compensable here.

Plaintiffs for partial success. But the Order nowhere acknowledges reducing beyond what Plaintiffs already have, and instead suggests the Court intended, as would be expected, to apply percentage reductions for partial success to all the time reasonably expended[3] on the unsuccessful claims. If so, the "pools" of hours to which it applied the percentage reductions were incorrect and the calculations should be reconsidered.

**Time Spent Drafting and Filing the Complaint**

Plaintiffs have not suggested that they are entitled to compensation for all the time actually spent preparing and initially filing the case. *See* Defs.' Resp. at 4.[4] Plaintiffs do not argue

---

[3]"'Reasonably expended'" time is that which remains after, in exercising billing judgment, "excessive, redundant, or otherwise unnecessary" hours have been excluded. *Hensley v. Eckerhart*, 461 U.S. 424 , 434 (1983) (*quoting* S. Rep. No. 94-1011, p. 6 (1976)). Courts in this Circuit typically denominate the figure remaining after these reductions "the presumptively reasonable fee." *See Hardaway v. Ridgewood Corp.*, 706 F. Supp. 2d 436, 438 (S.D.N.Y. 2010). Here, for clarity's sake, Plaintiffs have categorized the time remaining after the exercise of billing judgment, or the "presumptively reasonable fee" as "gross" time. *See*, *e.g.*, Pls.' Mem. at 2-3 (so explaining).

[4]Defendants complicate the discussion by ambiguous and misleading references to the Supreme Court's guidance on treatment of related and unrelated claims. *See* Defs.' Resp. at 2 (pressing "bifurcation analysis"); *id.* at 3 ("*Hensley* 'unitary case' analysis"); *id.* at 4 (*quoting Kassim v. City of Schenectady*, 415 F.3d 246, 256 (2d Cir. 2005) (itself making the unremarkable point that a court may reduce for partial success in cases other than those raising unrelated claims or achieving only de minimis success)). But neither *Hensley* nor *Kassim* provide support for the argument, renewed here, that the case should be "bifurcated" into two separate matters. *See* Defs.' Resp. at 3-4. And whether Plaintiffs' claims are related or unrelated, *Hensley*, 461 U.S. at 434-35, matters little here. The Court may recalculate the fees for drafting and filing the complaint if, as is suggested in the Order, it thinks that work in that phase should not be limited to that for the two "meritorious" claims because it finds the claims related, or simply because it finds a lesser reduction for partial success for this phase is warranted. And in any event, no inquiry into related and unrelated claims is necessary for the Court to grant the relief requested in the Motion.

The question presented by the Motion is, at bottom, whether the approximately 988 hours Plaintiffs isolated and deducted for partial success properly accounts for their relative success, or whether the additional 155 hours deducted for limited success in the Order accurately reflects the

---

that they should be compensated for the 412.9 hours[5] actually spent preparing and filing the case

(the "raw" time), or even that they should be compensated for all of the 379.3 hours remaining

after reductions for billing judgment (the "gross" or "reasonably expended" time). Plaintiffs

merely submit that (1) the Order's reasoning suggests that the Court did not intend to limit the

"reasonably expended" time for this phase to that strictly required for only the two successful

claims—and yet the Order effectively does just that; and (2) that it only considered hours already

reduced for partial success ("net" time) in arriving at an award for that phase.

---

Court's valuation of Plaintiffs' overall success in the litigation, or whether some other number
does so. The Motion points out that the Order applied reductions for partial success to hours that
had already been reduced for partial success (i.e., "net" time), and asks the Court to reconsider
and to instead apply its reductions to the entire number of hours reasonably expended (i.e., the
"gross" time).

   [5]In asserting that Plaintiffs press for an award including hours discounted or excluded for
"excessiveness," Defs.' Resp. at 4, Defendants misuse the term "billing judgment" and misquote
Plaintiffs' use of it. *Compare* Defs.' Resp. at 3 (representing that Plaintiffs reduced time in the
complaint phase by 33.6 hours "in 'excessive, redundant or otherwise unnecessary' effort ([Pls.'
Mem.] at 4) and 202.9 hours in 'billing judgment' (*i.e.*, for limited success)") *with* Pls.' Mem. at
4 ("counsel deducted approximately 33.6 hours, worth $14,402.80 as excessive, redundant or
otherwise unnecessary (i.e., in billing judgment) and deducted 202.9 hours, worth $58,403.70 as
directly or indirectly attributable to the claims on which Plaintiffs did not ultimately succeed.")
"Billing judgment" targets "excessive, redundant or otherwise unnecessary time" to arrive at a
total of "'reasonably expended'" hours, *Hensley*, 461 U.S. at 434 (citation omitted); reductions
for partial success are determined in a separate inquiry, *id.* at 434-35 (("[t]he product of
reasonable hours times a reasonable rate does not end the inquiry . . . .")
   Plaintiffs' counsel has properly segregated the two types of reductions. The "gross" time
spent—from which they propose reductions for partial success should be taken—has been
reduced for "excessiveness," i.e. it has been reduced in "billing judgment." Pls.' Mem. at 5; Pls.'
Mem. Supp. Mot. Attys.' Fees (Doc. #190) at 2; Bopp Decl. (Doc. #191) ¶¶ 19-20. Plaintiffs did
not request and are not now requesting that the Court award fees for time or expenses the Bopp
Law Firm has deducted in billing judgment, i.e., those deemed excessive redundant or otherwise
unnecessary. Plaintiffs plainly ask only that the Court *reconsider the calculation of its reductions
for partial success*.

**Pls.' Reply Supporting**                          *Ognibene v. Parkes*
**Motion for Reconsideration**          4          **No. 08 CV 01335 (LTS) (FM )**

**The Order Rejected a Reduction Based on Limiting Work on the Complaint to Two Claims.**

It is difficult to surmise that after expressly rejecting limiting hours for the drafting and filing phase to two "meritorious" claims, Order at 6, the Court intentionally did just that. *See* Pls.' Mem. at 5. If the Court intended to award compensation for work on the complaint for only the two winning claims, then what claims was the Court suggesting were compensable because "there is no contention that [they] were frivolous or entirely unrelated to the subject matter of the action"? Order at 6. The most sensible reading is that the Court thought that compensation should not be limited to the work strictly necessary to bring the two winning claims—yet the 174.8 hours for which it awarded fees is Plaintiffs' best estimate of exactly that: the time strictly necessary to bring only the two winning claims. Plaintiffs ask the Court to reconsider its award for this phase for this reason.

**The Order Considered the Wrong Number of Hours in Accounting for Partial Success for the Drafting and Filing Phase.**

A fair count of hours expended given the ultimate success achieved should start with all the time reasonably expended, the "gross" time—that is, the "raw" time minus that deducted in billing judgment. *See Hensley*, 461 U.S. at 434-35 (adjustment for partial success is made to "the product of reasonable hours times a reasonable rate); *Farbotko v. Clinton County of New York*, 433 F.3d 204, 208 (2d Cir. 2005) (noting, approvingly, the district court "[a]cknowledging the presumption of reasonableness that attaches to the lodestar," and "proceed[ing] to consider whether an adjustment of the lodestar was nonetheless warranted to arrive at a reasonable fee." (emphasis added)). *Hardaway*, 706 F. Supp. 2d at 439-40 (and cases cited therein) (noting that

courts in this Circuit "continue[ ] the traditional practice of calculating a 'reasonable fee' first, and then considering whether limited success mandates a percentage reduction."); *Millea*, 658 F.3d at 166-68 (warning against "double-counting" factors for reduction by applying them both to arrive at the lodestar and to adjust the lodestar).

The Order only considers and effectively applies a 0% reduction to the "net" time. But by starting with the "net" time instead of the "gross" time, the Court effectively applied a 54% reduction to the reasonably expended time for the drafting and filing phase of the case. The Court should reconsider whether it intended to discount the work preparing and filing the case by 54% to reflect the level of success achieved.

**Discovery and Scheduling Phase**

The questions arising regarding the Order's treatment of fees for "the discovery and scheduling" phase begin with the ambiguous identification in the record of the relevant hours. *See supra*, n. 2. Defendants address only those hours the Order attributed to drafting the declarations of the Plaintiffs, Defs. Resp. at 5. But the hours the Order considered in this phase that were spent working on declarations is a very small part of the total hours it considered,[6] so even if Defendants' argument about the purpose of the declarations were correct, it would have no bearing on the vast majority of the time considered in the Order for this phase. Defendants offer no explanation to counter Plaintiffs' point: that the Order apparently applied a reduction for

---

[6]Counsel locates 22 hours working on declarations from the outset of the case through the phase mentioned by the Court, of which 17.5 were no-charged because they involved Plaintiffs who brought unsuccessful claims. The 4.5 hours spent on declarations for which Plaintiffs sought compensation were for Mr. Ognibene's declaration, and Mr. Ognibene succeeded on his claims in the litigation.

partial success to the net time, which was, as explained *supra* and in Plaintiffs' opening memorandum, already reduced for that reason. The Court should reconsider its calculations for this phase. *See* Pls.' Mem. at 6-8.

**Applications to Stay, the Stipulated Entry of Judgment, and Summary Judgment on the Rescue Funds Provisions**

Plaintiffs point out that the Order's calculation of the award for time spent on applications to stay the proceedings—tasks for which it apparently intended to fully compensate Plaintiffs,[7] was nearly certainly incorrect, as the total granted for the tasks requires an hourly rate lower than that approved by the Court for any BLF personnel who performed the services. *See* Pls.' Mem. at 8. Defendants offer no response other than to suggest that the Court reconsider the hourly rates it had approved. Defendants offer no response to Plaintiffs' request that the Court reconsider the calculation of the award for the time spent successfully pursuing summary judgment. *See id.* at 9.

**Defendants Remaining Critiques are without Merit and/or Improperly Renew Arguments Already Considered by the Court.[8]**

Even if it were not "presenting the case under new theories," *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998), Defendants' belated critique of compensating for the time

---

[7]*See* Order at 7 ("The time related to applications to stay the proceedings is reasonably compensable, as it was expended during critical procedural phases that contributed to Plaintiffs' successful claims.")

[8]Defendants raise a single matter of "data" with a tally of hours that does not match those of the Order's. But Defendants' tally uses 15.9 hours for discovery and scheduling phase, assuming that applying the 90% reduction to the number of hours attributed to that phase would be the same as applying it, as the Order did, to the value of the hours. *Compare* Defs.' Resp. at 7 n.4 (401.4); *with* Order at 7. Different hourly rates for BLF personnel means that the total hours and the total value of the hours do not exactly correspond.

spent "reviewing the *Bennett* decision," Defs.' Resp. at 6, is without merit; that time was, of course, "research specific to [this] case." *Id.*[9]

Plaintiffs do not ask for an "upward adjustment,"[10] Defs. Resp. at 7, 8, but point out that the Order's adjustment for partial success was not applied to the lodestar (the presumptively reasonable fee) at all, but to a sum of hours already adjusted downward.

Declaring the Order's award as for "more than [a] reasonably generous" number of hours, arguing that awards for any or all of the phases are in fact or *per se* unreasonable, renewing arguments about the *Arbor Hill* "thrifty client" standard, and those regarding the reasonableness or authenticity of expenses awarded, *see* Defs.' Mem. Opp. at 7-8, where more than naked assertions, are arguments that were presented in opposition to a motion for attorneys' fees and considered and rejected by the Court, *see*, *e.g.*, Order at 5-6 (rejecting Defendants' arguments for bifurcation and a "seat of the pants" approach in favor of a lodestar approach); *id.* at 9 (finding the expenses properly authenticated and approximately 2/3 of them attributable to successful claims).

## Conclusion

Simply put, the Motion before the Court asks it to reconsider the judgment entered July 24, 2014 (Doc. # 209) because the Order giving rise to it apparently applied the percentage reductions for limited success to hours that had already been excised of time spent on the

---

[9] Indeed, Defendants and this Court previously noted that *Bennett* was one of three decisions "principally" governing the result with respect to the winning claims. Defs.' Mem. Opp. Mot. Attys.' Fees (Doc. #199) at 7.

[10] *See Perdue v. Kenny A*, 559 U.S. 542, 546 (2010) (an enhancement of the lodestar is rarely justified and must be based on factors not subsumed in the lodestar calculation).

unsuccessful claims, reducing for partial success further than the Court intended or found

justified. In response, Defendants simply reintroduce the same points and arguments considered

and rejected by the Court in its Order. The Court should calculate reductions based on the

"gross" number of hours, enter a new judgment, and award Plaintiffs their reasonable attorneys'

fees and expenses for the work filing and supporting this Motion.

August 31, 2014

Respectfully Submitted,

/s/ Jeffrey P. Gallant

Charles Capetanakis, Esq.
DAVIDOFF HUTCHER & CITRON LLP
605 Third Avenue, 34th Floor
New York, NY 10158
Phone: (212) 557-7200
Fax: (212) 286-1884
*Local Counsel for Plaintiffs*

James Bopp, Jr., Esq.*
Anita Y. Milanovich, Esq.*
Jeffrey P. Gallant, Esq.*
THE BOPP LAW FIRM
One National Building
1 South Sixth Street
Terre Haute, IN 47807-3510
Phone: (812) 232-2434
Fax: (812) 235-3685
email:  jboppjr@aol.com
        amilanovich@bopplaw.com
        jgallant@bopplaw.com
*Lead Counsel for Plaintiffs*
* Admitted pro hac vice.

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on Defendants' counsel in the way described:


SERVED BY ECF:

Jonathan Pines, Esq.
The City of New York
Law Department
100 Church Street
New York, NY 10007
jpines@law.nyc.gov
*Counsel for Defendants*



Dated: Terre Haute, Indiana
         August 31, 2014                          /s/Jeffrey P. Gallant
                                                  Jeffrey P. Gallant


**Pls.' Reply Supporting**                        *Ognibene v. Parkes*
**Motion for Reconsideration**        10          **No. 08 CV 01335 (LTS) (FM )**